T.C. Memo. 1998-160

UNITED STATES TAX COURT

CHESTER J. JANAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27010-96.                    Filed May 4, 1998.

Chester J. Janas, pro se.

<u>David Choi</u> and <u>Victoria Crosley</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax | |
|------|------------|------------------|------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1993 | $19,032 | $2,006 | $636 |
| 1994 | 19,377 | 3,869 | 998 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are as follows:

1. Whether petitioner is entitled, pursuant to section 165(c)(3), to casualty loss deductions for 1993 and 1994. We hold that he is not.

2. Whether petitioner is liable for additions to tax for failure to file Federal income tax returns for 1993 and 1994. We hold that he is.

3. Whether petitioner is liable for additions to tax for failure to remit estimated tax payments for 1993 and 1994. We hold that he is.

Some of the facts have been stipulated and are so found. Petitioner is a self-employed medical doctor licensed to practice in Illinois, Indiana, and Iowa. He resided in Chicago, Illinois, at the time the petition was filed. During the years in issue, petitioner received income from Medical Doctor Associates, Inc., and Gibson General Hospital, each of which issued Forms 1099 reflecting such income as nonemployee compensation. Petitioner also received interest income, for which Forms 1099 were issued. None of these payors withheld taxes.

Petitioner did not file Federal income tax returns for either of the years in issue. He did, however, file extension

requests and remittances of $11,000 and $3,900 for 1993 and 1994, respectively. Because petitioner failed to file his Federal income tax returns, respondent created substitute returns from the Forms 1099 that petitioner's payors had submitted. These substitute returns formed the basis of respondent's notice of deficiency.

In the notice of deficiency, respondent determined that in 1993 petitioner received $58,672 from Medical Doctor Associates, Inc., and in 1994 petitioner received $11,877 from Medical Doctor Associates, Inc., plus Schedule C gross receipts of $48,046. Respondent now concedes that the $48,046 Schedule C adjustment is erroneous but asserts, in an amended answer, that petitioner's 1994 income should be increased by $8,000 that petitioner allegedly received from Gibson General Hospital. Petitioner does not contest the additional $8,000, and he concedes the remaining items of income determined in the notice of deficiency. Petitioner asserts, however, that his taxable income should be reduced for casualty losses he sustained during each of the years in issue.

Section 165 allows a deduction for casualty losses sustained during the taxable year and not compensated for by insurance. Petitioner contends that he owned property located in Danville, Illinois, and that in 1993 such property was destroyed by a fire, resulting in an alleged $164,123 loss. Petitioner has failed,

however, to offer any evidence (e.g., a police report or insurance claim) to establish his contention. Petitioner also contends that in 1994 two of his automobiles were stolen. He has failed, however, to offer any evidence relating to their cost. In addition, he has failed to establish that the allegedly stolen automobiles were not compensated for by insurance. We conclude that petitioner is not entitled to a casualty loss deduction and that respondent's deficiency determinations, adjusted for concessions, are correct.

Respondent determined that petitioner is liable, pursuant to section 6651(a)(1), for failure to file his 1993 and 1994 Federal income tax returns. Section 6651 imposes an addition to tax for failure to file a tax return in a timely manner, unless such failure was due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving that he is not liable for the additions to tax. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). He contends that he filed his returns and, therefore, is not liable for the additions to tax. The Internal Revenue Service has no record that it received such returns, and petitioner failed to present either copies of his returns or mailing receipts. We conclude that petitioner has failed to establish that he filed his 1993 and 1994 returns. Accordingly, he is liable for the section 6651(a)(1) additions to tax.

Respondent determined that petitioner is liable, pursuant to section 6654, for failure to pay estimated income tax. Section 6654 imposes an addition to tax for failure to make estimated income tax payments. Petitioner has the burden, see <u>Welch v. Helvering</u>, <u>supra</u>, but failed to prove that respondent's determination is wrong. Petitioner's only contention relating to this issue is a general denial of liability contained in the petition. Petitioner did not remit estimated payments in a timely manner, and no tax payments were withheld from his compensation. Accordingly, petitioner is liable for the section 6654 additions to tax.

All other contentions raised by the parties are either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>pursuant to Rule 155.</u>